UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Dale D. Pierson, | ) |
| | ) |
| Plaintiff *Pro Se*, | ) |
| | ) Case No. |
| v. | ) |
| | ) Judge: |
| National Institute for Labor Relations Research and Stan Greer, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### Defamation *Pro Se*

Plaintiff Dale D. Pierson, complains against Defendants National Institute for Labor Relations Research and Stan Greer as follows:

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, as alleged *infra*, the controversy at issue is between citizens of different states and exceeds the sum of $75,000.00 exclusive of interests and costs (Doc. #11, Order entered 01/12/16).

2. Plaintiff Dale D. Pierson is an attorney licensed to practice law in Illinois (Registration No. 2185638) and Wisconsin (Registration No. 1034434). He is a resident of Cook County, Illinois. Pierson is currently employed as General Counsel to Local 150 of the International Union of Operating Engineers, AFL-CIO, headquartered in Countryside, Cook County, Illinois.

3. Pierson has practiced labor and employment law since graduating from Northwestern University Law School in 1982. He taught labor law as an adjunct professor at Northern Illinois University Law School in 2004 and 2005, and frequently speaks on labor and employment law topics at professional conferences throughout the country.

4.     Defendant National Institute for Labor Relations Research (NILRR) holds itself out as "a non-profit research facility analyzing and exposing the inequities of compulsory unionism." The NILRR maintains its principal office at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151.  The NILRR maintains a website at www.nilrr.org accessible throughout the United States. It raises money and publishes articles throughout the United States including Cook County, Illinois.

5.     Defendant Stan Greer calls himself a "Senior Research Associate" for the NILRR. His office is at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151.  Greer publishes articles throughout the United States including Cook County, Illinois.

6.     Shortly after the State of Indiana passed its "Right-to-Work" law in 2012, Pierson served as lead counsel in a lawsuit challenging the Constitutionality of the law titled, *Sweeney, et al. v. Daniels*, Case No. 12 CV 00081, filed in the U.S. District Court for the Northern District of Indiana, Hammond Division.  The District Court dismissed the suit, but without prejudice to refiling certain claims raised under the Indiana Constitution.  *Sweeney v. Daniels*, 2013 WL 209047 (N.D. Ind., January 17, 2013).  Plaintiffs appealed the dismissal of their federal claims to the U.S. Court of Appeals for the Seventh Circuit, which affirmed the dismissal.  *Sweeney v. Pence*, 767 F.3d 654 (2014), rehearing *en banc* denied by an equally divided court (Case No. 13-1264, Doc. #45, January 13, 2015).

7.     Meanwhile, the Union Plaintiffs refiled their claims under the Indiana Constitution in state court in Lake County, Indiana, in the case titled, *Sweeney, et al. v. Zoeller*, Case No. 45D01-1305-PL-52.  On September 5, 2013, the Lake County Superior Court denied the State of Indiana's Motion to Dismiss and found the Indiana Right-to-Work law unconstitutional under the "Particular Services" provision of the Indiana Constitution.  After the Lake County, Indiana,

Superior Court found the Right-to-Work law unconstitutional, the Indiana Attorney General appealed that decision to the Indiana Supreme Court in the case titled, *Zoeller v. Sweeney*, Case No. 45S-1309-PL-00596.

8. Throughout the litigation of the Constitutional challenges to the Indiana Right-to-Work law, the unions argued that such laws were fundamentally unfair. Federal law requires unions to represent fairly all employees in any given bargaining unit regardless of their membership in the union. Right-to-Work laws allow individual employees to refuse to pay their fair share of the costs of representing them, allowing such employees to ride for free on the work of the union paid for by their coworkers.

9. Proponents of Right-to-Work laws argue that unions need not represent employees that do not pay. They argue that unions voluntarily assume the obligation to represent all employees when unions opt to become a "majority status" representative, and that unions could choose to represent only those employees who want such representation.

10. The "minority representation" argument is a fallacy. The National Labor Relations Act (NLRA) does not provide an alternative to majority status representation. 29 U.S.C. § 159(a) ("Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes shall be the exclusive representative of all the employees in such unit…"). National Labor Relations Board (NLRB) jurisprudence makes it clear that "the essence of industrial democracy [in the United States], as contemplated and enforced by the [NLRA], is fundamentally based on majoritarian principles." *See, e.g.,* General Counsel Advice Memorandum, *Dick's Sporting Goods*, Case No. 6-CA-34821 at page 18 (June 22, 2006).

11.     Pierson made these and other arguments to the Indiana Supreme Court in defense of the State's appeal.  The Court heard oral argument on the State's appeal on September 4, 2014.

12.     On September 12, 2014, Defendants published statements online and throughout the United States including Cook County, Illinois, under the headline, "Operating Engineers Union Lawyer Flat-Out Lies to Indiana Supreme Court" (a true and correct copy is attached hereto as Exhibit A).  There, Defendants said:

> How can it be, then, that Dale Pierson, the top lawyer for the other union seeking the overturn Indiana's Right to Work law judicially, told the Indiana Supreme Court on September 4 that union officials representing only those who join and pay dues "is not a legal possibility"? (A video of the oral arguments in which Pierson claimed again and again that "the law does not allow members-only representation" is available at the end of the link below.)
>
> The answer is, quite simple, that Pierson flat-out lied.

13.     Defendants made the statements and published them knowing that they were false.

14.     The September 12, 2014 NILRR article also refers to "a petition filed with the National Labor Relations Board seven years ago."  The NILRR article written by Greer asserts that in the petition, lawyers for the Steelworkers union "acknowledged without qualification that, under Section 7 of the National Labor Relations Act (NLRA), in any workplace where no union is recognized as employees' 'exclusive' bargaining agent, employees' right to bargain with their employer through a union 'remain[s] available and protected, though on a non-exclusive basis, thus applicable to union members only.'"  Defendants made these statements and published them with knowledge of their falsity or reckless disregard for their truth.

15.     The September 12, 2014 NILRR article written by Greer fails to acknowledge that the petition to which it refers was denied by the NLRB on August 26, 2011.  The petition asked the NLRB to adopt a rule that would require an employer "to bargain collectively with a labor organization that represents less than an employee-majority with regard to the employees who are

4

its members, but not for any other employees." The petitioners recognized that such "members only" bargaining was <u>not</u> recognized by the NLRB, and filed the petition, they said, so that employees would be "permitted to return to the exercise of the right to begin organizing and bargaining through unions that represent their members only." The Board denied the petition, in part, because it called for "a significant reinterpretation" of the NLRA, and necessarily a devotion of "substantial" Board resources which it was not prepared to make.

16. The statement quoted in paragraph 10, *supra*, printed and published by Defendants is defamatory in that:

   a. the statement quoted above purports to state facts and is not an opinion;

   b. at all relevant times, the Defendants knew, or should have known, that the statements above were not true;

   c. there is no innocent construction of the statement;

   d. the statement quoted above constitutes defamation *per se* under Illinois law because it imputes that Plaintiff is unable to perform or lacks integrity in the performance of his employment duties; and/or imputes that Plaintiff lacks ability or otherwise prejudices Plaintiff in his profession; and,

   e. the statement quoted above prejudices and continues to prejudice Plaintiff Pierson in his professions, reputation, and trade.

17. As a result of one or more of the defamatory statements quoted above, Plaintiff Dale D. Pierson has suffered damages including damage to his personal reputation.

WHEREFORE, Plaintiff Dale D. Pierson seeks actual damages in excess of $50,000.00 and punitive damages in excess of $500,000.00 against the Defendants identified above, costs, and other such relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Dale D. Pierson
Plaintiff *Pro Se*

Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647
dpierson@local150.org