Case: 1:15-cv-11049 Document #: 1-1 Filed: 12/09/15 Page 11 of 13 PageID #:16
ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
CALENDAR: H
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH**
*a non-profit research and publishing organization that analyzes and exposes the shortcomings of compulsory unionism*

- Home
- NILRR Research
- Resources
- News Clips
- Cartoonist's Eye
- About
- Support NILRR
- Contact Us

Fact Sheet: Forced Union Dues Fuel the Big Government Lobby

## Operating Engineers Union Lawyer Flat-Out Lies to Indiana Supreme Court

*On September 12, 2014, in News Clips, by Stan Greer*

Currently, the top bosses of two unions, the United Steelworkers (USW) and Local 150 of the International Union of Operating Engineers (IUOE), have cases before the Indiana Supreme Court in which they are trying to get Right to Work protections for Hoosier employees approved by state legislators two-and-a-half years ago judicially overturned.

In a petition filed with the National Labor Relations Board seven years ago, lawyers for one of these two unions, the USW, acknowledged without qualification that, under Section 7 of the National Labor Relations Act (NLRA), in any workplace where no union is recognized as employees' "exclusive" bargaining agent, employees' right to bargain with their employer through a union "remain[s] available and protected, though on a nonexclusive basis, thus applicable to union members only."

As anyone who has a good understanding of federal labor statutes and court precedents knows, the union lawyers for the USW brass, along with the officers of six other AFL-CIO-affiliated unions who signed on to the petition ("In the Matter of Rulemaking Regarding Members-Only Minority-Union Collective Bargaining"), were absolutely correct about the permissibility of members-only bargaining in 2007. And they are still correct today.

How can it be, then, that Dale Pierson, the top lawyer for the other union seeking to overturn Indiana's Right to Work law judicially, told the Indiana Supreme Court on September 4 that union officials' representing only those who join and pay dues "is not a legal possibility"? (A video of the oral arguments in which Pierson claimed again and again that "the law does not allow members-only representation" is available at the end of the link below.)

The answer is, quite simply, that Pierson flat-out lied. Evidently, he and the IUOE bosses for whom he is working agree that, if the Indiana Supreme Court acknowledges the truth about the permissibility of members-only bargaining as an alternative to monopoly bargaining for union officials, their anti-Right to Work case must fail. And therefore last week Pierson simply denied a truth that even his fellow assailants on Indiana's Right to Work law, the USW union hierarchy, have openly acknowledged in public legal documents.

Because Thomas Fisher, the lead attorney representing Indiana as it defends its Right to Work law from the IUOE Local 150 brass, knows full well about the U.S. Supreme Court precedents, such as the 1938 Consolidated Edison v. NLRB ruling, that explicitly affirm that members-only bargaining is legal under the NLRA, and reminded the Indiana Supreme Court Justices about them, it is unlikely that Pierson and his paymasters are going to get away with lying about federal labor law. But the fact that Pierson was willing to do it, and IUOE Local 150 kingpins were evidently willing to sign off on such a strategy, illustrates just how desperate they are to reinstate forced union dues and fees in Indiana.

http://www.nilrr.org/?p=5442&preview=true

**EXHIBIT B**