UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Dale D. Pierson, | ) | |
| | ) | |
| Plaintiff *Pro Se*, | ) | Case No. 16 cv 00449 |
| | ) | |
| v. | ) | |
| | ) | Judge James T. Moody |
| National Institute for Labor Relations | ) | |
| Research and Stan Greer, | ) | Magistrate Judge John E. Martin |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COME Defendants, NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH ("NILRR") and STAN GREER ("Greer"), by and through their attorneys, NIELSEN, ZEHE & ANTAS, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint at Law, state as follows:

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because, as alleged *infra*, the controversy at issue is between citizens of different states and exceeds the sum of $75,000.00 exclusive of interests and costs (Doc. #11, Order entered 01/12/16).

**ANSWER:** **Defendants admit that the controversy is between citizens of different states and that Plaintiff alleges that he suffered damages in excess of $75,000.00; therefore, this Court has jurisdiction. Answering further, Defendants deny that Plaintiff is entitled to any amount of damages whatsoever.**

2. Plaintiff Dale D. Pierson is an attorney licensed to practice law in Illinois (Registration No. 2185638) and Wisconsin (Registration No. 1034434). He is a resident of Cook County, Illinois. Pierson is currently employed as General Counsel to Local 150 of the International Union of Operating Engineers, AFL-CIO, headquartered in Countryside, Cook County, Illinois.

**ANSWER:** **Defendants admit the allegations as set forth in paragraph 2.**

3. Pierson has practiced labor and employment law since graduating from Northwestern University Law School in 1982. He taught labor law as an adjunct professor at Northern Illinois University Law School in 2004 and 2005, and frequently speaks on labor and employment law topics at professional conferences throughout the country.

**ANSWER:** **Defendants do not have knowledge or information sufficient to form a belief about the truth of the allegations as set forth in paragraph 3.**

4. Defendant National Institute for Labor Relations Research (NILRR) holds itself out as "a non-profit research facility analyzing and exposing the inequities of compulsory unionism." The NILRR maintains its principal office at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151. The NILRR maintains a website at www.nilrr.org accessible throughout the United States. It raises money and publishes articles throughout the United States including Cook County, Illinois.

**ANSWER:** **Defendants admit that National Institute for Labor Relations Research (NILRR) is a nonprofit research facility for the general public that provides supplementary analysis and research necessary to expose the inequities of compulsory unionism. Defendants further admit that NILRR maintains its office at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151, has a website located at www.nilrr.org, and by means of its website publishes articles throughout the United States including Cook County, Illinois. Defendants deny that NILRR raises money or otherwise publishes articles throughout the United States or in Cook County, Illinois.**

5. Defendant Stan Greer calls himself a "Senior Research Associate" for the NILRR. His office is at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151. Greer publishes articles throughout the United States including Cook County, Illinois.

**ANSWER:** **Defendants admit that, during the relevant time, Stan Greer was Senior Research Associate for the NILRR, and his office was located at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151. Defendants deny the remaining allegations as set forth in paragraph 5.**

6. Shortly after the State of Indiana passed its "Right-to-Work" law in 2012, Pierson served as lead counsel in a lawsuit challenging the Constitutionality of the law titled, *Sweeney, et al. v. Daniels*, Case No. 12 CV 00081, filed in the U.S. District Court for the Northern District of Indiana, Hammond Division. The District Court dismissed the suit, but without prejudice to refiling certain claims raised under the Indiana Constitution. *Sweeney v. Daniels*, 2013 WL 209047 (N.D. Ind., January 17, 2013). Plaintiffs appealed the dismissal of their federal claims to the U.S. Court of Appeals for the Seventh Circuit, which affirmed the dismissal. *Sweeney v. Pence*, 767 F.3d 654 (2014), rehearing *en banc* denied by an equally divided court (Case No. 13-1264, Doc. #45, January 13, 2015).

**ANSWER:** **Defendants admit that a suit was filed in the Northern District of Indiana, captioned *Sweeney v. Daniels*, 2: 12 CV 00081- PPS/PRC. Defendants admit that Plaintiff is designated as counsel in this suit. Defendants further admit that the suit was dismissed without prejudice as to two counts that alleged that the Right to Work law violated the Indiana Constitution. Defendants also admit that the dismissal was upheld by the Seventh Circuit Court of Appeals in *Sweeney v. Pence*, 767 F.3d 654 (7th Cir. 2014). Defendants do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations as set forth in paragraph 6.**

7. Meanwhile, the Union Plaintiffs refiled their claims under the Indiana Constitution in state court in Lake County, Indiana, in the case titled, *Sweeney, et al. v. Zoeller*, Case No. 45D01-1305-PL-52. On September 5, 2013, the Lake County Superior Court denied the State of Indiana's Motion to Dismiss and found the Indiana Right-to-Work law unconstitutional under the "Particular Services" provision of the Indiana Constitution. After the Lake County, Indiana, Superior Court found the Right-to-Work law unconstitutional, the Indiana Attorney General appealed that decision to the Indiana Supreme Court in the case titled, *Zoeller v. Sweeney*, Case No. 45S-1309-PL-00596.

**ANSWER:** **Defendants admit the allegations as set forth in paragraph 7.**

8. Throughout the litigation of the Constitutional challenges to the Indiana Right-to-Work law, the unions argued that such laws were fundamentally unfair. Federal law requires unions to represent fairly all employees in any given bargaining unit regardless of their membership in the union. Right-to-Work laws allow individual employees to refuse to pay their fair share of the costs of representing them, allowing such employees to ride for free on the work of the union paid for by their coworkers.

**ANSWER:** **Defendants admit only that, during the relevant litigation, unions were in opposition to the Indiana Right to Work law. Defendants deny that the above allegations adequately set forth the positions of the parties to the relevant litigation in their entirety. Defendants further deny that the allegations as set forth in paragraph 8 adequately set forth, describe, or interpret federal law and Right to Work laws.**

9. Proponents of Right-to-Work laws argue that unions need not represent employees that do not pay. They argue that unions voluntarily assume the obligation to represent all employees when unions opt to become a "majority status" representative, and that unions could choose to represent only those employees who want such representation.

**ANSWER:** **Defendants deny that the allegations as set forth in paragraph 9 adequately and completely set forth the position of "Proponents of Right-to-Work" laws. Defendants admit that proponents of Right to Work laws argue, *inter alia*, that unions need not represent employees that do not pay dues and are not union members; that a union voluntarily assumes the obligation to represent all employees in a bargaining unit when the union becomes the exclusive representative for employees in the bargaining unit; and that unions could choose to represent only those employees who are its dues-paying members.**

10. The "minority representation" argument is a fallacy. The National Labor Relations Act (NLRA) does not provide an alternative to majority status representation. 29 U.S.C. §159(a) ("Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes shall be the exclusive representative of all the employees in such unit..."). National Labor Relations Board (NLRB) jurisprudence makes

4

it clear that "the essence of industrial democracy [in the United States], as contemplated and enforced by the [NLRA], is fundamentally based on majoritarian principles." *See, e.g.,* General Counsel Advice Memorandum, *Dick's Sporting Goods*, Case No. 6-CA-34821 at page 18 (June 22, 2006).

**ANSWER:** **Defendants object to this allegation to the extent that it contains legal conclusions, arguments, and interpretations. Not waiving said objections, Defendants deny the allegations as set forth in paragraph 10.**

11. Pierson made these and other arguments to the Indiana Supreme Court in defense of the State's appeal. The Court heard oral argument on the State's appeal on September 4, 2014.

**ANSWER:** **Defendants admit that the Indiana Supreme Court heard oral arguments on September 4, 2014 and that Plaintiff participated in oral arguments. Defendants further admit that Plaintiff argued, in part, that the NLRA does not allow members-only representation. Defendants deny that the allegations in the prior paragraphs adequately set forth the full arguments made by Plaintiff before the Indiana Supreme Court and refer the court to the full transcript previously filed. (Doc. No. 7-1).**

12. On September 12, 2014, Defendants published statements online and throughout the United States including Cook County, Illinois, under the headline, "Operating Engineers Union Lawyer Flat-Out Lies to Indiana Supreme Court" (a true and correct copy is attached hereto as Exhibit A). There, Defendants said:

> How can it be, then, that Dale Pierson, the top lawyer for the other union seeking the overturn Indiana's Right to Work law judicially, told the Indiana Supreme Court on September 4 that union officials representing only those who join and pay dues "is not a legal possibility"? (A video of the oral arguments in which Pierson claimed again and again that "the law does not allow members-only representation" is available at the end of the link below.)
>
> The answer is, quite simple, that Pierson flat-out lied.

**ANSWER:** **Defendants admit only that, on September 12, 2014, NILRR posted a "News Clip" authored by Stan Greer on its website under the aforementioned headline. Defendants further admit that the clip contained the quoted material as set forth in paragraph 12, except that, in the last sentence, "simple" should be "simply". Answering further, Defendants state that the above allegation**

5

**only sets forth a portion of the "News Clip", which should be read and interpreted in its entirety. Defendants deny the remaining allegations as set forth in paragraph 12.**

13. Defendants made the statements and published them knowing that they were false.

**ANSWER:** **Defendants deny the allegations as set forth in paragraph 13.**

14. The September 12, 2014 NILRR article also refers to "a petition filed with the National Labor Relations Board seven years ago." The NILRR article written by Greer asserts that, in the petition, lawyers for the Steelworkers union "acknowledged without qualification that, under Section 7 of the National Labor Relations Act (NLRA), in any workplace where no union is recognized as employees' 'exclusive' bargaining agent, employees' right to bargain with their employer through a union 'remain[s] available and protected, though on a non-exclusive basis, thus applicable to union members only.'" Defendants made these statements and published them with knowledge of their falsity or reckless disregard for their truth.

**ANSWER:** **Defendants admit only that the "News Clip" references the aforementioned petition. Defendants further admit that the clip contained the quoted language as set forth in paragraph 14. Answering further, Defendants state that the above allegation only sets forth a portion of the "News Clip", which should be read and interpreted in its entirety. Defendants deny the remaining allegations as set forth in paragraph 14.**

15. The September 12, 2014 NILRR article written by Greer fails to acknowledge that the petition to which it refers was denied by the NLRB on August 26, 2011. The petition asked the NLRB to adopt a rule that would require an employer "to bargain collectively with a labor organization that represents less than an employee-majority with regard to the employees who are its members, but not for any other employees." The petitioners recognized that such "members only" bargaining was not recognized by the NLRB, and filed the petition, they said, so that employees would be "permitted to return to the exercise of the right to begin organizing and bargaining through unions that represent their members only." The Board denied the petition, in

part, because it called for "a significant reinterpretation" of the NLRA, and necessarily a devotion of "substantial" Board resources which it was not prepared to make.

**ANSWER:** **Defendants admit only that the "News Clip" at issue does not refer to the fact that the NLRB denied the petition. Defendants deny that not mentioning the NLRB's denial constitutes a failure on the part of Stan Greer. Defendants deny that the allegations in paragraph 15 adequately and completely set forth the content of the Petition and the NLRB's ruling. Defendants do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations as set forth in paragraph 15.**

16. The statement quoted in paragraph 10, *supra*, printed and published by Defendants is defamatory in that:

   a. the statement quoted above purports to state facts and is not an opinion;
   b. at all relevant times, the Defendants knew, or should have known, that the statements above were not true;
   c. there is no innocent construction of the statement;
   d. the statement quoted above constitutes defamation *per se* under Illinois law because it imputes that Plaintiff is unable to perform or lacks integrity in the performance of his employment duties; and/or imputes that Plaintiff lacks ability or otherwise prejudices Plaintiff in his profession; and,
   e. the statement quoted above prejudices and continues to prejudice Plaintiff Pierson in his professions, reputation, and trade.

**ANSWER:** **Defendants deny the allegations as set forth in paragraph 16, subparagraphs (a) through (e) inclusive.**

17. As a result of one or more of the defamatory statements quoted above, Plaintiff Dale D. Pierson has suffered damages including damage to his personal reputation.

**ANSWER:** **Defendants deny the allegations as set forth in paragraph 17.**

WHEREFORE, Defendants, NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH ("NILRR") and STAN GREER ("Greer"), deny that the Plaintiff is entitled to any relief whatsoever and request that this Honorable Court dismiss Plaintiff's complaint in its entirety with prejudice and award them costs and fees and any other relief that this Court deems just.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff is a public figure or limited public purpose figure and the matter at issue, specifically the Right to Work law and resulting litigation alleged by Plaintiff, is a matter of public concern. Plaintiff fails to demonstrate that any actions of the Defendants were done with actual malice as required under law. Any statements made in the September 12, 2014 News Clip are free of actual malice.

2. The statements made in the September 12, 2014 News Clip are true or substantially true.

3. Plaintiff's claims are barred by the opinion and fair comment privilege.

4. Plaintiff's claims are barred by the fair report privilege.

5. Plaintiff's claims are barred by the neutral reportage privilege.

6. Plaintiff's' claims are barred by the First Amendment of the United States Constitution.

7. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. Any statements made in the September 12, 2014 News Clip are protected by qualified privileges.

9. Plaintiff's claims are barred by the common interest privilege.

10. Plaintiff's claims are barred by the conditional privileges under Indiana and federal law.

11. The injuries, losses, or damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of Plaintiff.

12. Plaintiff's claims are barred under Indiana Code 34-7-7-1 et. seq., the Indiana Anti-SLAPP Statute.

13. Plaintiff's request for punitive damages violates the Due Process Clause of the United States and United States Supreme Court precedent. See *State Farm v. Campbell,* 538 U.S. 408 (2003).

14. Statements made in the September 12, 2014 News Clip are protected opinion and rhetoric.

15. Statements made in the September 12, 2014 News Clip are subject to innocent construction.

WHEREFORE, Defendants, NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH ("NILRR") and STAN GREER ("Greer"), deny that the Plaintiff is entitled to any relief whatsoever and request that this Honorable Court dismiss Plaintiff's complaint in its entirety with prejudice and award them costs and fees and any other relief that this Court deems just.

*/s/ John J. Murphy*
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe – Suite 1800
Chicago, Illinois 60603
312.734.1005 (direct)
312.322.9977 (fax)
jmurphy@nzalaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint has been electronically filed with the Clerk of the United States District Court for the Northern District of Indiana, Hammond Division, by using the CM/ECF system which will send notification of such filing *via* electronic delivery to attorneys of record on April 25, 2018.

                                                    */s/ John J. Murphy*
                                                     John J. Murphy

Paul Bozych
John J. Murphy
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe – Suite 1800
Chicago, Illinois 60603
312.734.1005 (direct)
312.322.9977 (fax)
pbozych@nzalaw.com
jmurphy@nzalaw.com
*Attorneys for Defendants Stan Greer and NILRR*