# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DALE D. PIERSON, ) | |
|       Plaintiff, ) | |
| ) | Case No. 2:16-CV-449 |
| v. ) | |
| ) | Hon. James T. Moody |
| NATIONAL INSTITUTE FOR LABOR ) | |
| RELATIONS RESEARCH and STAN GREER, ) | Magistrate John E. Martin |
|       Defendants. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. In accordance with Fed. R. Civ. P. 26(f), the parties conferred via electronic mail by:

    a. Kenneth B. Elwood and Christopher D. Stidham for Plaintiff.

    b. Paul Bozych and Jack Murphy for Defendants.

2. Jurisdiction. The court has jurisdiction under 28 U.S.C. § 1332. The parties agree that Plaintiff is a resident of Illinois and Defendant National Institute for Labor Relations Research has its principal office in Virginia and Defendant Stan Greer is a resident of Virginia. The parties further agree the amount in controversy exceeds $75,000.00.

3. Pre-Discovery Disclosures. The parties agree to exchange all information pursuant to Rule 26(a)(1) on or before May 18, 2018.

4. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

    a. Subject and Nature of Discovery by Plaintiff

        i. Defendants' bases supporting statements made which are the subject of Plaintiff's Complaint.

        ii. Nature and reach of Defendants' website, publications, emails, newsletters, message boards or similar regarding Plaintiff.

      iii. Identities of employees, agents, volunteers or similar of Defendant National Institute for Labor Relations Research, or any related entities, involved in alleged defamation at issue.

      iv. Documents authored by Defendants regarding Plaintiff.

      v. Identities of any individuals to whom Defendants have spoken about Plaintiff.

      vi. Information related to the financial condition of Defendants.

b. Subject and Nature of Discovery by Defendant

      i. Damages allegedly suffered by the Plaintiff.

      ii. Plaintiff's work history.

      iii. Professional experience of Plaintiff regarding Right to Work laws and "minority or members only representation" in the union context.

      iv. Communications or documents (as defined under FRCP 34) from Plaintiff regarding the posting at issue and party defendants.

      v. Communications or documents (as defined under FRCP 34) to Plaintiff from third persons/parties regarding the post at issue and party defendants.

      vi. Plaintiff's role, if any, in the 2007 Petition. See Doc. No. 7-3.

      vii. Communications, statements, publications or documents (as defined under FRCP 34) made by Plaintiff regarding NILRR, Stan Greer or proponents of Right to Work laws.

      viii. Any issues involving allegations in the complaint and affirmative defenses.

c. Electronically Stored Information ("ESI")

      i. Disclosure or discovery of electronically stored information should be handled as follows: The parties have conferred regarding discovery of ESI and acknowledge their obligations to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody or control. The parties have agreed that the scope of ESI initially shall be limited to relevant and discoverable copy (or in PDF format). Any party may then request that the materials be produced in their native format. If the ESI is not reasonably usable or obtainable in its native format, or to the extent any objection is made to another format requested, the parties shall confer in an attempt to determine a mutually acceptable alternative format.

d. Discovery Schedule

    i. Fact discovery shall commence on May 3, 2018 and be served no later than December 31, 2018.

e. Discovery Limits

    i. Maximum of <u>25</u> interrogatories by each party to any other party.

    ii. Maximum of <u>25</u> requests for admission by each party to any other party (not counting requests that relate to the authenticity of a document).

    iii. Maximum of <u>8</u> depositions by Plaintiff and <u>3</u> by Defendants. Defendant does not agree that 8 depositions will be necessary.

    iv. Each deposition limited to maximum of <u>7 hours</u> (not including breaks) unless extended by agreement of the parties.

      v. The filing of reports from retained experts under Rules 26(a)(2) due from Plaintiff by December 1, 2018 and from Defendants by December 15, 2018

      vi. Supplementations under Rules 26(e) are due "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

5. Other Items

   a. The deadline for adding parties is July 31, 2018.

   b. The deadline for amended pleadings is July 31, 2018.

   c. The last date for the filing of all potentially dispositive motions will be governed by separate order.

   d. At this time, a jury trial is expected to take approximately one (1) week.

6. Alternative Dispute Resolution.

Date: April 27, 2018

Respectfully submitted,


By: _/s/ Kenneth B. Elwood_____
Kenneth B. Elwood, Atty No: 17937-45

By: _/s/ Christopher D. Stidham_____
Christopher D. Stidham, Atty No: 34213-64

**Counsel for Plaintiff**
3200 Willowcreek Road
Portage, IN 46368
Phone: (219) 762-0494
Fax: (219) 762-4047
E-mail: chrisstidham@rhameandelwood.com



By:   */s/ Paul Bozych*_____
        Paul Bozych

By:   */s/ John J. Murphy*_____
        John J. Murphy


Paul Bozych
John J. Murphy
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe – Suite 1800
Chicago, Illinois 60603
312.734.1005 (direct)
312.322.9977 (fax)
pbozych@nzalaw.com
Jmurphy@nzalaw.com
*Attorneys for Defendants NILRR and Greer*